ANACONDA COPPER MINING CO. v. BUTTE–BALAKLAVA COPPER CO.

(District Court, D. Montana. December 2, 1912.)

No. 104.

1. REMOVAL OF CAUSES (§ 15*)—GROUNDS—DIVERSE CITIZENSHIP—REMOVABILITY.

A case not removable for diverse citizenship when and as brought may thereafter become removable, and may then be removed, though the original time to answer or plead has expired, provided the case is one that could have been removed if brought as it was thereafter made.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 25; Dec. Dig. § 15.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. REMOVAL OF CAUSES (§ 16*)—RIGHT TO REMOVE—STATUTE.

The right of removal is wholly statutory, and, when claimed, must be found in the statute.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 6; Dec. Dig. § 16.*]

3. REMOVAL OF CAUSES (§ 26*)—GROUNDS—DIVERSE CITIZENSHIP—CITIZENS OF TERRITORY.

Removal Act March 3, 1911, c. 231, § 28, 36 Stat. 1094 (U. S. Comp. St. Supp. 1911, p. 140), while available as between citizens of states, is not available to citizens of territories.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 60–63; Dec. Dig. § 26.*]

4. REMOVAL OF CAUSES (§ 26*)—CASE NOT ORIGINALLY REMOVABLE—ADMISSION OF TERRITORY AS STATE PENDING SUIT—EFFECT.

Where suit was brought by plaintiff, a citizen of Montana, against defendant, a citizen and resident of the then territory of Arizona, the fact that the territory was made a state after issue joined did not entitle defendant to remove the cause to the federal courts for diversity of citizenship, under the rule that, where there is no change of parties, jurisdiction depending on the condition of a party is governed by that condition as it was at the commencement of the suit.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 60–63; Dec. Dig. § 26.*]

5. REMOVAL OF CAUSES (§ 15*)—RIGHT TO REMOVE—CHANGE OF CONDITION.

A case not removable when and as brought can become removable only by reason of some subsequent pleading or proof of facts disclosing removability, and of facts which existed when the suit was brought.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 25; Dec. Dig. § 15.*]

Action by the Anaconda Copper Mining Company against the Butte-Balaklava Copper Company. On motion to remand. Granted.

C. F. Kelley, L. O. Evans, D'Gay Stivers, all of Butte, Mont., and W. B. Rodgers, of Anaconda, Mont., for plaintiff.

Walsh & Nolan, of Helena, Mont., and B. K. Wheeler, of Butte, Mont., for defendant.

BOURQUIN, District Judge. When the suit was brought and issue joined, plaintiff was, has continued to be, and now is, a corporation, a citizen, and resident of the state of Montana, and defendant was, has continued to be, and now is, a corporation, a citizen and resident (1) of the territory of Arizona, admitted to the Union of states February 14, 1912, subsequent to issue joined, and (2) of the state of Arizona subsequent to the date last aforesaid. After such admission, defendant proceeded to remove the suit hither, for that it then became and thereafter was and is between citizens of different states; a copy of the record being filed herein on July 18, 1912.

The contention of defendant is that the right of removal created by the Removal Act may come into being after the time to answer has expired and can then be exercised; that in this suit the right of removal did so come into being after answer filed by reason of diversity of citizenship created by state citizenship imposed nolens volens upon defendant by Arizona's admission as a state; and that defendant can

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

now exercise the right of removal unrestrained by the time limitations of the Removal Act, in that the existence of the right is jurisdictional while the time and method of its exercise are but modal and formal, the latter yielding to the former in order to effectuate the purpose of the act. In support thereof defendant cites Powers v. Railway Co., 169 U. S. 93, 18 Sup. Ct. 264, 42 L. Ed. 673; Remington v. Railway Co., 198 U. S. 95, 25 Sup. Ct. 577, 49 L. Ed. 959; Ayres v. Watson, 113 U. S. 594, 5 Sup. Ct. 641, 28 L. Ed. 1093, and like cases.

The contention of plaintiff is that there is no right of removal for diverse citizenship, unless the diversity existed when the suit was brought, citing in support thereof Kinney v. Columbia, etc., Ass'n, 191 U. S. 81, 24 Sup. Ct. 30, 48 L. Ed. 103, Mattingly v. Railway Co., 158 U. S. 53, 15 Sup. Ct. 725, 39 L. Ed. 894, Kellam v. Keith, 144 U. S. 568, 12 Sup. Ct. 922, 36 L. Ed. 544, and like cases.

Defendant further contends that the rule of the cases cited by plaintiff is not found in that section of the Removal Act which creates the right of removal nor in the like sections of the earlier acts, but that it is derived by construction in applying the section of said act relating to the method and time of removal; that the plain wording of the section creating the right includes the case at bar, and to exclude it is to create an exception not intended by Congress; that the line of cases cited by it sustains its contention and is controlling here, and the line of cases cited by plaintiff should be limited to the prohibition of removal for diverse citizenship created by assignment or change of domicile after suit brought. Plaintiff insists the cases are contemporaneous and reconcilable.

[1] There is no real conflict between the rule of the cases cited by defendant and the rule of the cases cited by plaintiff. The only confusion arises from their misapprehension or misapplication. The rule of those cited by defendant, in so far as removability for diverse citizenship is concerned, is that a case not removable when and as brought may thereafter become in its nature removable, and may then be removed, though the original time to answer or plead has expired. But this presupposes a case that could have been brought as it thereafter was made—wherein the jurisdictional facts as they subsequently appeared were existing facts when the suit was brought. If defendant's contention that a right of removal may "come into being" after the time for answer has expired means more than this—means that the jurisdictional facts may come into being after the time to answer has expired, and thereby a right of removal be created—it would seem that the cases cited in support thereof do not sustain it. Their general expression must be read in the light of the facts involved, the statutes, and other decisions of the Supreme Court relating to removal.

The rule appealed to by plaintiff was derived from express language in the Removal Act Sept. 24, 1789, c. 20, 1 Stat. 73, 79 (see Insurance Co. v. Pechner, 95 U. S. 185, 24 L. Ed. 427), and, although subsequent removal acts are in radically different language, the rule is not abolished thereby. Gibson v. Bruce, 108 U. S. 561, 2 Sup. Ct. 873, 27 L. Ed. 825. See Kinney v. Association, 191 U. S. 80, 24 Sup. Ct. 30, 48 L. Ed. 103. The Removal Act here involved (Act March 3, 1911,

c. 231, 36 Stat. 1094, § 28 [U. S. Comp. St. Supp. 1911, p. 140]) is in practically the language of those in the cases last cited, and must receive a like construction.

[2] The right of removal is wholly statutory. When claimed, it must be found in the statute, or the claim is unfounded. It may be that every reason and object which moved Congress to provide for removal for diversity of state citizenship exist in this case wherein such diversity arises pending suit. The reason and object of removal for diverse citizenship being to provide a tribunal presumed to be more impartial than one of the state of the residence of one of the litigants (Steamship Co. v. Kane, 170 U. S. 111, 18 Sup. Ct. 526, 42 L. Ed. 964), removal would seem as desirable for a citizen of a territory as for a citizen of a state.

[3] But the Removal Act, while available for diversity of citizenship to the latter, is not likewise available to the former, for that Congress did not include therein citizens of a territory. So in the case at bar the Removal Act is not available to defendant for diversity of citizenship, for that Congress did not include therein citizens of a state admitted pending suit.

[4] The reason and object of removal are no more appealing now when defendant is a citizen of a state than they were at the time the suit was brought when defendant was a citizen of a territory. The act gave no right of removal then. It gives none now. Both cases are equally casus omissus. And all because such is the will of Congress. Generally speaking, where there is no change of party, a jurisdiction depending on the condition of the party is governed by that condition as it was at the commencement of the suit. Conolly v. Taylor, 2 Pet. 556, 7 L. Ed. 518; Anderson v. Watt, 138 U. S. 707, 11 Sup. Ct. 449, 34 L. Ed. 1078; Koenigsberger v. Mining Co., 158 U. S. 49, 15 Sup. Ct. 751, 39 L. Ed. 889. (It may be observed in passing that, while it is clear that a change in condition by defendant after suit brought could not give and might defeat a right of removal, it is at least doubtful under the present Removal Act that this is true in respect to a like change by plaintiff in a suit removable when brought.) The Powers and other like cases relied on by defendant are consistent with this rule and with the rule relied on by plaintiff. In the Powers Case a change of parties by amendment (discontinuance), and not a change of the condition of any party, made in its nature removable the case which was not removable when and as brought. In legal effect, so far as removal was concerned, the suit as amended was "brought" when the amendment was made, and the time for removal then commenced to run; for an amendment will not relate back when thereby a substantial right of the opposite party will be destroyed. In all like cases involving diverse citizenship it will be found they became in their nature removable by reason of the pleadings finally assuming a removable form and substance and which they might truly have assumed when the suits were brought—changes in conduct, position, and not of condition. See Fritzlen v. Bank, 212 U. S. 372, 29 Sup. Ct. 366, 53 L. Ed. 551.

[5] It is believed the true rule is that a case not removable when and as brought can become in its nature removable only by reason of

some subsequent pleading or proof of facts disclosing removability, and of facts which existed when the suit was brought. The case at bar does not satisfy this rule. It is within the rule invoked by plaintiff.

This case not being removable when brought, and the Removal Act not providing for removal for diverse citizenship created as herein pending suit, by such citizenship no right of removal came into being. To hold otherwise would be to create an exception not intended by Congress.

The cause was improperly removed, this court has no jurisdiction thereof, and the motion to remand is granted, with costs to plaintiff.