In the Matter of the Arbitration between MICHAEL STONE, Respondent, and HERBERT J. FREEZER, Appellant.

First Department, April 15, 1952.

*Michael Halperin* of counsel (*Jack N. Albert* with him on the brief; *Wilzin & Halperin,* attorneys), for appellant.

*Max H. Davidson* of counsel (*Morris L. Cohen* with him on the brief; *Davidson, Cohen & Zelkin,* attorneys), for respondent.

*Per Curiam.* In an effort to settle their differences the parties on December 21, 1948, entered into certain agreements. The basic agreement referred to as " A Support And Maintenance Agreement " provides that in the event any controversy " shall arise between the parties hereto concerning any

of the provisions of this agreement * * * the parties hereto agree to submit the same to arbitration ".

One of the other agreements entered into at the same time recites that the wife is entitled to receive income tax refunds due to the husband by reason of overpayments for all calendar years prior to 1948, and it further provides: " 4. In the event that Mrs. Freezer shall be entitled to receive any refunds and the same are not paid or turned over to Mr. Freezer by reason of any act or omission on the part of Mrs. Freezer, then Mr. Freezer shall be entitled immediately thereafter to a credit in the amount of such refund against any payments which he is required to make for Mrs. Freezer's support and maintenance."

The provision for arbitration contained in the basic agreement was applicable to the agreement relating to tax refunds simultaneously executed therewith.

Moreover, the husband made a valid claim of offset in answer to that asserted by the wife in the arbitration proceeding. She was, of course, aware of the agreement to secure tax refunds and knew that these claims could be asserted " against any payments which he is required to make for Mrs. Freezer's support and maintenance." An arbitration proceeding merely to decide whether or not she was entitled to alimony payments, which were concededly unpaid, would have been a futile gesture.

Even if the arbitration clause be held not to embrace the refunds agreement, the husband was entitled to interpose any offset to establish the fact that there were not any sums due her. In an action, a defendant has the right to assert any claim he may have against plaintiff by way of offset. When the wife in the arbitration proceeding asserted her claim for unpaid alimony due by virtue of the agreement dated December 21, 1948, the husband clearly had the right to make a claim against her to counteract such demands. (Civ. Prac. Act, § 266.) Such offset or counterclaim could lawfully be asserted in the arbitration proceeding.

Under the submission the arbitrator acted within his authority and his award should not have been set aside. The order and judgment should be reversed with costs to appellant and the motion to modify the arbitrator's award should be denied and the award as rendered should be confirmed. Settle order.

Callahan, J. (dissenting). I think that the arbitrator exceeded his authority and that his award was properly modi-

fied.   The provisions for arbitration found in the first or maintenance agreement were not general, but were confined by its terms to disputes arising under said agreement.   The second agreement relating to tax refunds contained no provision for arbitration, nor did it incorporate the provisions of the first. The second contract did provide that if the wife was entitled to receive income tax refunds and the same were not paid over by her to the husband by reason of any act or omission on the part of the wife, the husband would be entitled to a credit in the amount of such refund against any payments due under the maintenance agreement.   But the offset applied by the arbitrator here was not a credit for refunds collected by the wife.   He purported to award damages for a refusal by the wife to execute documents applying for refunds.   Under the circumstances the wife was entitled to a judicial determination as to whether she had breached the second agreement, for she had not stipulated to arbitrate any such claim.   The fact that the husband might assert the foregoing claim for damages in an action would merely establish that such a claim could be the subject of an arbitration proceeding.   It does not establish, however, that there was an agreement to arbitrate it.   There can be no arbitration in the absence of an agreement.   Accordingly, I vote to affirm the order appealed from.

PECK, P. J., GLENNON and COHN, JJ., concur in *Per Curiam* opinion; CALLAHAN, J., dissents and votes to affirm in an opinion in which DORE, J., concurs.

Judgment and order reversed, with costs to the appellant and the motion to modify the arbitrator's award denied and the award as rendered confirmed.   Settle order on notice.