FIRE ASSOCIATION OF PHILADELPHIA, Respondent, *v.* GENERAL HANDKERCHIEF CORP., Appellant.

Argued March 13, 1952; decided July 15, 1952.

*Benedict Ginsberg* for appellant.   I. The court is not barred from adjudicating any issue raised by way of counterclaim merely because another action involving that issue was removed to the Federal court.   (*Steamship Co.* v. *Tugman,* 106 U. S. 118; *Traction Company* v. *Mining Company,* 196 U. S. 239; *Drainage Dist. No. 17* v. *Guardian Trust Co.,* 52 F. 2d 579.) II. The case at bar is not the case which was removed and is not affected by such removal.   III. The objection of the pendency of another action does not relate to an action pending in the courts of other States or in the Federal court.   (*General Investment Co.* v. *Interborough R. T. Co.,* 200 App. Div. 794; *Hedger Transp. Corp.* v. *Bushey,* 67 N. Y. S. 2d 664; *Oneida Co. Bank* v. *Bonney,* 101 N. Y. 173.)

*Bernard Meyerson* and *Herman B. Zipser* for respondent. The action having been properly removed from the State court to the United States District Court, the State court no longer had jurisdiction over same. (*Carson* v. *Dunham,* 121 U. S. 421; *Steamship Co.* v. *Tugman,* 106 U. S. 118; *Traction Company* v. *Mining Company,* 196 U. S. 239; *Drainage Dist. No. 17* v. *Guardian Trust Co.,* 52 F. 2d 579; *Kirby* v. *American Soda Fountain Co.,* 194 U. S. 141.)

LOUGHRAN, Ch. J. For convenience we abbreviate the names of the parties to this litigation. The plaintiff Fire Association of Philadelphia will be called the insurance company and its insured — the defendant General Handkerchief Corp.— will be called the insured.

The insurance company is a Pennsylvania corporation and the insured is a New York corporation. In 1949, the insured commenced in the New York Supreme Court an action against the insurance company to recover upon a policy issued by it. Upon an application made by the insurance company, that action was removed to the United States District Court for the Southern District of New York where that action is still pending.

Thereafter the insurance company commenced in the New York Supreme Court this action against the insured for the recovery of insurance premiums. In its answer, the insured set up a counterclaim in the words of the complaint it had served in the action that had been removed to the Federal court. The insurance company moved at Special Term for judgment dismissing that counterclaim and the motion was granted on the ground that the New York Supreme Court was without jurisdiction, because the counterclaim alleged the same cause of action that the insured had pleaded in the earlier action that had been removed to the Federal court.

The Appellate Division affirmed, two Justices dissenting, and after judgment was entered upon its order, that court granted to the insured leave to present the case to us upon a question certified. But the judgment dismissing the counterclaim of the insured was here appealable as of right (Civ. Prac. Act, § 588, subd. 1, cl. [b]; see *New York Trap Rock Corp.* v. *Town of Clarkstown,* 299 N. Y. 77, 80). Hence the question certified

will not be answered (*Matter of Wickwire Spencer Steel Co. v. Kemkit Scientific Corp.*, 292 N. Y. 139, 143). Hence, too, we treat the appeal of the insured as having been taken from the judgment which dismissed its counterclaim even though the notice of that appeal names the order of the Appellate Division as the appealable paper (see *Becker* v. *Wells*, 297 N. Y. 275, 277).

There is before us for determination this question: Where a party's action has been properly removed to a Federal court pursuant to a Federal statute may that party plead the same cause of action as a counterclaim in an action subsequently brought against him in a court of this State? In our judgment, that question should be answered in the negative.

After removal of an action to a Federal court has been effected, " the State court shall proceed no further unless and until the case is remanded." (U. S. Code, tit. 28, § 1446, subd. [e].) The word " case " as thus used by Congress should, we think, be here taken to include the counterclaim in which the insured set forth the selfsame cause of action that had theretofore been removed to the Federal court by the insurance company (cf. *Salem Co.* v. *Manufacturers' Co.*, 264 U. S. 182, 189; *Barney* v. *Latham*, 103 U. S. 205, 215). On the removal thereof, the New York Supreme Court lost jurisdiction of that cause of action (cf. *Traction Company* v. *Mining Company*, 196 U. S. 239, 244; see Moore's Commentary on the United States Judicial Code, p. 277).

The judgment should be affirmed, with costs. The question certified is not answered.

FULD, J. (dissenting). Defendant, a New York corporation, brought an action in 1949 in the Supreme Court of this state against plaintiff, a Pennsylvania insurance company, to recover for the loss of certain merchandise allegedly covered by an insurance policy issued by plaintiff. At the instance of the insurance company, that action was removed to the United States District Court for the Southern District of New York, where it is now pending. The insurance company thereafter commenced the present suit in the Supreme Court to recover premiums alleged to be due it under the same policy, in the amount of over $5,000, for a period subsequent to the alleged

loss. After unsuccessfully attempting to secure the removal of this action to the federal court — to which its suit had been removed — the insured interposed a counterclaim based on the same cause of action as that asserted in the suit pending in the federal court.

The court at Special Term dismissed the counterclaim, on motion by the insurance company, on the ground that the state court lacked jurisdiction of the subject matter thereof by reason of the removal of the prior action to the federal court, and the Appellate Division, two justices dissenting, affirmed. I cannot agree with that disposition. Certainly, the parties are properly before the Supreme Court and, just as clearly, the subject matter, non-federal in nature, is within the cognizance of the state court. That being so, I find no warrant for a holding that the court lacks jurisdiction of the counterclaim.

I merely note at the outset that the insured is not a plaintiff who, following the removal of his action, seeks to flout the authority of the federal court by commencing a second suit on the same claim in the state court. On the contrary, the insured's purpose was only to secure the disposition of the claims of both parties in a single court — either the federal court or the state court. The insurance company, on the other hand, has elected to litigate the claims before separate tribunals. Since its claim is in excess of $3,000, and since the requisite diversity of citizenship exists between the parties, the insurance company could have instituted its suit for premiums in the same federal court to which it had had the insured's claim removed. Instead, it chose to forego that forum and to proceed in the state court on its own claim. Having thus consciously and purposefully invoked the jurisdiction of the state court, the insurance company must be held to be subject to that jurisdiction for all purposes, and with all the consequences that generally flow from institution of a suit.

The objective underlying the development of the diversity jurisdiction of the federal courts, it has been said, " was to secure a tribunal presumed to be more impartial than a court of the State in which one of the litigants resides." (*Barrow Steamship Company* v. *Kane,* 170 U. S. 100, 111; see *Anaconda*

*Copper Mining Co.* v. *Butte-Balaklava C. Co.*, 200 F. 808, 811.)[1]
As the United States Supreme Court has observed, "The
diversity jurisdiction was not conferred for the benefit of the
federal courts or to serve their convenience. Its purpose was
generally to afford to suitors an opportunity in such cases, at
their option, to assert their rights in the federal rather than in
the state courts." (*Meredith* v. *Winter Haven,* 320 U. S. 228,
234.)

The remedy of removal, in other words, was designed for the
benefit of a nonresident defendant sued in the state court,
not for the convenience of a nonresident party who himself
resorts to the state court for his own purposes. It is thus
established that a defendant, though a nonresident, is not
entitled to removal of the action brought against him in a state
court if — as by filing a counterclaim and seeking affirmative
relief — he " invoked the jurisdiction of the state court on [his]
own account and for [his] own purpose ". (*Texas & Pacific
Railway* v. *Eastin,* 214 U. S. 153, 159.)

The same principle is reflected in the limitations embod-
ied in the federal removal statute, confining the remedy of
removal to a " defendant " and denying it to a plaintiff
(U. S. Code, tit. 28, § 1441, subd. [a]; see, also, former
U. S. Code, tit. 28 [1946 ed.], § 71). Indeed, the United States
Supreme Court has squarely held that a plaintiff who institutes
an action in a state court cannot be regarded as a " defendant "
for the purpose of obtaining the removal of a counterclaim
there asserted against him. (See *Shamrock Oil Corp.* v. *Sheets,*
313 U. S. 100.) The underlying rationale, as expressed by
the Congressional Committee that recommended the limitation
in question when it was first adopted some sixty-five years ago,
is as follows (see House Report No. 1078, 49th Cong., 1st Sess.,
pp. 1–2): " In the opinion of the committee it is believed to
be just and proper to require the plaintiff to abide his selection

1. With the recognition that there is in fact no real danger of partiality and
bias on the part of the state court, there has developed an expressed statutory
and judicial policy to limit the diversity jurisdiction of the federal courts.
(See, e.g., *American Fire & Cas. Co.* v. *Finn,* 341 U. S. 6, 9–10; *Shamrock Oil
Corp.* v. *Sheets,* 313 U. S. 100, 108–109; see, also, Revisers' Note to U. S. Code,
tit. 28, § 1441.)

of a forum. If he elects to sue in a State court when he might have brought his suit in a Federal court there would seem to be, ordinarily, no good reason to allow him to remove the cause."

Similarly here, plaintiff insurance company, having voluntarily resorted to the Supreme Court of our state, is not in a position to object to the full exercise of jurisdiction by that court upon all phases of the litigation, including the counterclaim asserted against it.

Nor is there any basis for reading the provisions relating to removal as vesting the federal court with exclusive jurisdiction of the entire subject matter involved in the action, rather than of the particular suit that was removed.

While the removal statute, as revised in 1948 (U. S. Code, tit. 28, § 1446, subd. [e]), provides only in general terms that upon removal " the State court shall proceed no further unless and until the case is remanded ", its legislative history makes it clear that Congress intended to foreclose the state court from further proceedings *only in the particular action* removed to the federal court. Thus, every version of the statute since 1875 provided solely and specifically that upon *removal of a suit* to the federal court the state court was to " proceed no further *in such suit* " (see former U. S. Code, tit. 28 [1946 ed.], § 72; Judiciary Act of 1875, 18 U. S. Stat. 470, 471, § 3) — and that limitation was emphasized in the cases construing the statute. (See, e.g., *Crehore* v. *Ohio & Mississippi Railway Co.*, 131 U. S. 240, 243; *Anderson* v. *United Realty Co.*, 222 U. S. 164, 165.) Although the qualifying words " in such suit " were omitted in the revision of 1948, there is no evidence of any design on Congress' part to extend the jurisdiction of the federal courts in that respect. On the contrary, it has been observed that " The Congress, in the [1948] revision, carried out its purpose to *abridge* the right of removal." (*American Fire & Cas. Co.* v. *Finn*, 341 U. S. 6, 10.)

In point of fact, an extension of the federal jurisdiction in removal cases to the extent suggested would militate against well-settled rules governing the concurrent jurisdiction of state and federal courts in diversity situations. (See *Kline* v. *Burke Constr. Co.*, 260 U. S. 226, 234, 235.) The general proposition is well established that separate actions of an in personam nature,

based on the same cause of action and involving parties of diverse citizenship, and a claim in excess of $3,000, may be prosecuted simultaneously in a federal as well as in a state court, and that "both the state court and the federal court, having concurrent jurisdiction, may proceed with the litigation at least until judgment is obtained in one of them which may be set up as res judicata in the other." (*Princess Lida* v. *Thompson,* 305 U. S. 456, 466; see, also, *Penn Co.* v. *Pennsylvania,* 294 U. S. 189, 195; *Kline* v. *Burke Constr. Co., supra,* 260 U. S. 226, 234–235; *Buck* v. *Colbath,* 3 Wall. [U. S.] 334, 342.) " * * * an action brought to enforce such a [personal] liability does not tend to impair or defeat the jurisdiction of the court in which a prior action for the same cause is pending. Each court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court." (*Kline* v. *Burke Constr. Co., supra,* 260 U. S. 226, 230.)

The basic policy underlying the jurisdiction of the federal courts in cases involving diversity of citizenship would seem to be the same whether their jurisdiction be acquired by suit originally instituted there or by removal from a state court. In each instance, the purpose and objective are to afford a non-resident party — in one case the plaintiff and in the other the defendant — the opportunity to invoke the jurisdiction of the federal courts where the requisite jurisdictional elements are present. (See *Meredith* v. *Winter Haven, supra,* 320 U. S. 228, 234; *Anaconda Copper Mining Co.* v. *Butte-Balaklava C. Co., supra,* 200 F. 808, 811.) There would, therefore, seem to be no basis for viewing the jurisdiction of the federal courts in "removed" cases as of broader scope than their jurisdiction in cases originally there commenced. And cases are at hand to support that conclusion. Thus, for example, even after his suit has been removed to the federal tribunal, the plaintiff may institute a new suit in the state court *on the same cause of action,* if he voluntarily discontinues or dismisses the federal court action without prejudice (see *Southern Ry. Co.* v. *Miller,* 217 U. S. 209) or if, in that state-instituted suit, he seeks less damages than the amount required for federal jurisdictional purposes. (See *El Paso & Southwestern Co.* v. *Riddle,* 287 F. 173, affd. 294 F. 892.) Quite obviously, such results would not

be possible if, as is now asserted, the fact of removal served to vest the federal court with exclusive jurisdiction of the subject matter of the action. (Cf. *Baltimore & Ohio R. R. Co. v. Fulton,* 59 Ohio St. 575.)

There is likewise no merit to plaintiff insurance company's further contention that the counterclaim should be dismissed because the action removed to the federal court must be regarded as " another action pending between the same parties for the same cause " (Rules Civ. Prac., rule 110, subd. 3). It is well settled that the pendency of such other action is cause for dismissal only where the other action is pending in a court of this state, and not where it is pending in a federal court. (See *Oneida Co. Bank* v. *Bonney,* 101 N. Y. 173; *Dresdner* v. *Goldman Sachs Trading Corp.,* 240 App. Div. 242; *Continental Record Co.* v. *Scranton Record Co.,* 61 N. Y. S. 2d 95, affd. 272 App. Div. 998.) As a matter of fact, a similar practice prevails in the federal courts; " the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction ". (See *McClellan* v. *Carland,* 217 U. S. 268, 282; *Cole* v. *Franklin Life Ins. Co.,* 108 F. 2d 130, 133.)

It may perhaps be urged that the courts of this state should, as a matter of policy, decline to entertain an action based on a cause of action involved in a previously instituted suit which has been removed to a federal court. However, that would be a matter of discretion rather than of lack of jurisdiction. In any event, though, the present case certainly would not be considered a proper one for application of any such policy. Here, as already noted, plaintiff, the party challenging the state court's jurisdiction, actually invoked that jurisdiction, deliberately selecting the state forum in preference to that of the federal court.

LEWIS, DESMOND and DYE, JJ., concur with LOUGHRAN, Ch. J.; FULD, J., dissents in opinion in which CONWAY and FROESSEL, JJ., concur.

Judgment affirmed.