Fuld, J.
 

 In May of 1957, Kemikalija, Import-Export, as seller, and Associated Metals & Minerals Corporation, as buyer, entered into a contract for the sale of barytes. The contract contained an arbitration clause in which it was agreed that “ Any controversy or claim arising out of, or relating to this contract, or to the breach thereof shall be settled by arbitration ’ ’. For the goods delivered, Associated paid all but some $18,000. That amount remaining unpaid without explanation for about a year and a half, Kemikalija in January of 1960 demanded arbitration.
 

 A month later, Associated brought the present proceeding to stay the arbitration. In support of its petition, it asserted that there “is no controversy to arbitrate ’ ’ in respect to Kemikalija’s claim since Associated “ concedes and always had conceded ” that it owes the amount in question. However, Associated continued, it has not paid Kemikalija for the reason that the latter is indebted to it, in an amount in excess of the sum demanded, “by reason of Kemikalija’s wrongful breach of an entirely different agreement ”. In other words, it is Associated’s position that there is no arbitrable issue (1) because it does not deny owing Kemikalija the amount in question, and (2) because its refusal to pay is based on a dispute, not as to its liability under the contract here involved but upon its right to set off, against the amount due, an indebtedness of Kemikalija arising out of an unrelated contract.
 

 The court at Special Term held that Kemikalija was entitled to arbitration and that, upon such arbitration, the arbitrators would decide the merits of the claim — as to which there is no dispute — as well as the validity of Associated’s counterclaim. The Appellate Division unanimously affirmed the order entered, granted leave to appeal on Associated’s application and certified two questions to us. Since the order denying a stay of arbitra
 
 *301
 
 tion is a final order (see
 
 Matter of Kramer
 
 &
 
 Uchitelle,
 
 288 N. Y. 467;
 
 Matter of Arthur Murray, Inc.
 
 [Ricciardi], 10 N Y 2d 733), there was neither need nor authorization for the certification of questions, and we dispose of the appeal without answering them. (See
 
 Matter of Wickwire Spencer Steel Co.
 
 v.
 
 Kemkit Scientific Corp.,
 
 292 N. Y. 139, 143;
 
 Fire Assn. of Phila.
 
 v.
 
 General Handkerchief Corp.,
 
 304 N. Y. 382, 384-385; see, also, Cohen and Karger, Powers of the New York Court of Appeals, pp. 357-358.)
 

 Although we have held that arbitration will be refused where a claim is patently specious or “ frivolous ”
 
 (Matter of Exercycle Corp.
 
 [Maratta], 9 N Y 2d 329, 334; see* also,
 
 Alpert
 
 v.
 
 Admiration Knitwear Co.,
 
 304 N. Y. 1, 6), there is no warrant for going to the other extreme and denying arbitration because of the manifest merits of the asserted claim, at least in a case where the other party refuses to pay the amount admittedly due. The fact that such party has no defense, that no doubt exists as to the outcome of the controversy, furnishes no basis for compelling recourse to an action at law. (Compare Civ. Prae. Act, § 1460-a, added by L. 1957, ch. 325, with
 
 Newburger
 
 v.
 
 Lubell,
 
 257 N. Y. 383, 387; and see 1957 Report of N. Y. Law Rev. Comm., p. 263; N. Y. Legis. Doc., 1957, No. 65[H], p. 7.) In the case before us, Kemikalija had fully performed its obligation under the contract with Associated and the latter, by refusing to pay what was due, rendered the claim a disputed one.
 

 The parties, by agreeing to arbitrate, signified their willingness to forego litigation on the contract in a court of law; they expressly stipulated arbitration, to quote from a recent case
 
 (Matter of Lasek [Lasek],
 
 13 A D 2d 242, 244), “not merely as a forum for resolving contested issues of law and fact but as means by which a remedy might be sought to enforce contractual obligations.” Stated shortly, under the arbitration clause before us, Associated’s refusal to pay the amount demanded gives rise to an arbitrable dispute.
 

 It follows, therefore, that Kemikalija is entitled to the arbitration which it seeks and that the courts below had no alternative but to deny the motion to stay the proceeding. This leads to the further question whether, as a general proposition, arbitrators may consider a counterclaim stemming from an alleged breach of a separate and independent agreement containing no
 
 *302
 
 arbitration clause. Our court has not definitively resolved this question (cf.
 
 Matter of Hosiery Mfrs. Corp.
 
 v.
 
 Goldston,
 
 238 N. Y. 22, 28;
 
 Matter of Stone [Freezer],
 
 304 N. Y. 649, affg. 280 App. Div. 103),
 
 [1]
 
 and we find it unnecessary to pass upon it in this case in view of the fact that, following the argument before us, both Kemikalija and Associated expressly consented to the submission of the latter’s counterclaim to arbitration. Accordingly, the arbitrators may consider evidence offered with respect to such counterclaim as an offset in determining the amount, if any, Associated owes Kemikalija.
 

 The order appealed from should be affirmed, with costs. The questions certified are not answered.
 

 Chief Judge Desmond and Judges Dye, Froessel, Van Voorhis, Burke and Foster concur.
 

 Order affirmed, etc.
 

 [1]
 

 . In
 
 Matter of Stone
 
 (304 N. Y. 649,
 
 supra),
 
 the arbitration clause in one of two contracts entered into by the parties was held to embrace both agreements and, accordingly, tins' court, in affirming the Appellate Division’s order, did not reach the question to which we have adverted.