■ SAUL S. COHEN, Appellant, v ARK ASSET HOLDINGS, INC., Respondent. [701 NYS2d 385] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered July 14, 1999, which, to the extent appealed from, in a proceeding brought pursuant to CPLR article 78 to compel respondent to permit petitioner's examination of its books, granted respondent's motion to compel arbitration of the question of whether respondent's purchase of petitioner's shares was effective and sufficed to divest petitioner of his status as a shareholder in respondent, and stayed further court proceedings pending completion of the arbitration of that issue, unanimously affirmed, without costs.

Having properly determined that the parties had entered into a valid arbitration agreement, and that the question of whether respondent's purchase of petitioner's shares was effec-

tive was arbitrable pursuant to that agreement, the IAS Court's inquiry was completed and arbitration of the arbitrable issue was properly directed. Where arbitrable and nonarbitrable claims are inextricably interwoven, the proper course is to stay judicial proceedings pending completion of the arbitration, particularly where, as here, the determination of issues in arbitration may well dispose of nonarbitrable matters (see, *Marcus v Millwork Trading Co.*, 208 AD2d 448; *Meda Intl. v Salzman*, 24 AD2d 710). Concur—Rosenberger, J. P., Mazzarelli, Wallach and Saxe, JJ.