■ In the Matter of MONOTUBE PILE CORP., Appellant, v PILE FOUNDATION CONSTRUCTION CORP., Respondent. [703 NYS2d 234] —In a proceeding pursuant to CPLR article 75 to stay arbitration, the petitioner appeals from an order of the Supreme Court, Kings County (Mason, J.), dated August 17, 1999, which denied its petition to stay arbitration of the counterclaims asserted by the respondent.

Ordered that the order is affirmed, with costs.

Pursuant to a letter agreement entered into by the parties, the petitioner sought to arbitrate its claim that the respondent failed to pay invoices totalling $462,144.89. The respondent asserted counterclaims alleging that the materials provided pursuant to the invoices were defective. The petitioner sought a stay of arbitration of the counterclaims pursuant to CPLR 7503 (b), asserting that the parties' agreement to arbitrate was limited to amounts due and owing to the petitioner and was not intended to address claims for damages asserted by the respondent.

We agree with the Supreme Court that the counterclaims are subject to arbitration. The counterclaims asserted by the respondent are inextricably interwoven with the main claim by the petitioner for breach of contract. Indeed, the lynchpin of the agreement was the inability of the parties to agree on the amount due and owing because of the respondent's claim that the materials provided were defective. Even if the arbitration

clause was found not to embrace counterclaims, the respondent is entitled to interpose any offset or counterclaim to establish that the amount due was not the amount claimed by the petitioner (*see, Matter of Stone,* 280 App Div 103, *affd* 304 NY 649). Bracken, J. P., Joy, Thompson, Goldstein and Feuerstein, JJ., concur.