Protostorm, Inc. v Foley & Lardner LLP (2021 NY Slip Op 02227)





Protostorm, Inc. v Foley & Lardner LLP


2021 NY Slip Op 02227


Decided on April 08, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 08, 2021

Before: Gische, J.P., Kapnick, Webber, Kern, González, JJ. 


Index No. 158501/19 Appeal No. 11820&M-1389 Case No. 2020-01729 

[*1]Protostorm, Inc., Plaintiff-Respondent,
v
Foley & Lardner LLP, et al., Defendants-Appellants. 


Friedman Kaplan Seiler & Adelman LLP, New York (Philippe Adler of counsel), for appellants.
Schwartz, Ponterio & Levenson, PLLC, New York (John Ponterio of counsel), for respondent.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered February 13, 2020, which granted plaintiff's motion for a stay of arbitration and denied defendants' cross motion to stay the action in favor of arbitration, unanimously reversed, on the law, with costs, plaintiff's motion denied, defendants' cross motion granted and the action stayed pending completion of the arbitration.
Plaintiff retained defendant Foley & Lardner LLP to maintain a malpractice action against plaintiff's prior counsel. Thereafter, plaintiff commenced a malpractice action against defendants and other attorneys in the United States District Court, Eastern District of New York. Defendants moved to dismiss the federal action based on lack of subject matter jurisdiction. They also commenced an arbitration proceeding against plaintiff for unpaid legal fees based on the parties' retainer agreement, which provides that "[a]ny dispute over fees and/or costs. . .will be submitted to and settled exclusively by binding arbitration." The federal action was ultimately dismissed for lack of subject matter jurisdiction. As a result, the court did not rule on whether the arbitration should be stayed. Plaintiff then brought the instant action alleging the same claim of legal malpractice and moved to stay the arbitration pending resolution of this action. Defendants cross moved to stay the action and compel arbitration.
"Where there is no substantial question whether a valid agreement [to arbitrate] was made or complied with, . . .the court shall direct the parties to arbitrate" and its order "shall operate to stay a pending. . .action" (CPLR 7503[a] [emphasis added]). Once a valid arbitration agreement is identified, an arbitration should only be stayed "when the sole matter sought to be submitted to arbitration is clearly beyond the arbitrator's power" (Silverman v Benmor Coats, 61 NY2d 299, 309 [1984] [emphasis added]). Further, where "arbitrable and nonarbitrable claims are inextricably interwoven, the proper course is to stay judicial proceedings pending completion of the arbitration, particularly where. . .the determination of issues in arbitration may well dispose of nonarbitrable matters" (Cohen v Ark Asset Holdings, 268 AD2d 285, 286 [1st Dept 2000]; see also Lake Harbor Advisors, LLC v Settlement Servs. Arbitration and Mediation, Inc., 175 AD3d 479 [2d Dept 2019]; Monotube Pile Corp. v Pile Foundation Constr. Corp., 269 AD2d 531 [2d Dept 2000]).
There is no dispute that there is a valid agreement between the parties to arbitrate any dispute regarding unpaid fees. Thus, the court must compel arbitration of defendants' claim for unpaid fees and stay this action pending completion of the arbitration (CPLR 7503[a]). Moreover, because plaintiff's nonarbitrable malpractice claim is inextricably intertwined with the arbitrable claim for unpaid fees, the proper course is to stay the action pending completion of the arbitration (see Cohen, 268 AD2d at 286[*2]; Lake Harbor Advisors, LLC, 175 AD3d at 479; Monotube Pile Corp., 269 AD2d at 531).
To the extent plaintiff argues that it cannot be forced to arbitrate its malpractice claim because it did not explicitly agree to do so, both the First and Second Departments have clearly found that a nonarbitrable issue can be decided in an arbitration when it is inextricably intertwined with an arbitrable issue, particularly where, as here, the determination of the arbitrable unpaid fees claim may dispose of the nonarbitrable malpractice claim (see Cohen, 268 AD2d at 286; Lake Harbor Advisors, LLC, 175 AD3d at 480; Monotube Pile Corp., 269 AD2d at 531-532).
Although plaintiff relies on Primavera Laboratories Inc. v Avon Products Inc., (297 AD2d 505 [1st Dept 2002]), that case is inapposite. In Primavera, this court stayed the arbitration pending resolution of the action because the parties' agreements expressly provided that all disputes regarding the enforcement of the parties' obligations would be decided in New York courts with the exception of one narrow category of disputes regarding royalties payable, which would be arbitrated (297 AD2d at 506). Additionally, in Primavera, this court stayed the arbitration because numerous preliminary issues needed to be resolved in the action before the arbitration procedure could be invoked (id.). Here, unlike in Primavera, the parties' retainer agreement does not specifically provide for any disputes to be decided in New York courts. Moreover,
there are no issues that must be resolved prior to defendants invoking their right to arbitration of the issue of unpaid fees.
M- 1389 - Protostorm, Inc. v Foley & Lardner, LLP, et al.
Motion for stay, denied as moot.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 8, 2021