■ In the Matter of KINGSBROOK JEWISH MEDICAL CENTER, Respondent, v. KATZ, WAISMAN, WEBER, STRAUSS, BLUMENKRANS, BERNHARD, Appellants.— Judgment, Supreme Court, New York County, entered December 30, 1970, herein appealed from, unanimously reversed, on the law, without costs and

without disbursements, and the motion to stay arbitration is denied. The appeal from the order of said court entered on January 15, 1971 is dismissed as nonappealable. April 19, 1968, the parties hereto entered into a written agreement whereby respondents-appellants architects (appellants) agreed to render certain professional services for which compensation was to be paid. A total bill in the amount of $316,710.66 was rendered, of which $177,528.95 has been paid. A dispute has arisen concerning the balance allegedly due. By certified mail dated November 17, 1970, appellants, through their attorneys, served upon petitioner a notice of intention to arbitrate. Petitioner sought and obtained a stay of arbitration and appellants appeal from the order entered thereon. Appellants urge that the service of the petition and notice of application for a stay is fatally defective because it was served upon their attorneys and not upon them personally. However, the notice listed appellants as addressees, together with a copy of the petition, and appellants' attorneys admittedly received such papers. There is no claim there was no actual notice. Service, therefore, was sufficient (cf. *Matter of Knickerbocker Ins. Co. [Gilbert]*, 28 N Y 2d 57). Appellants urge, further, there was an agreement to arbitrate, that arbitration should be directed and it should be administered by the American Arbitration Association. Respondent raises two points. One, that the service was sufficient to confer jurisdiction upon the court. With that we agree as heretofore noted. The second point of respondent (with which Special Term agreed) is that the agreement herein involved did not provide for arbitration before the American Arbitration Association (AAA). Hence respondent cannot be compelled to arbitrate before a body to which it has not consented. Article 12 of the April 19, 1968 agreement, the standard form of agreement of the American Institute of Architects (AIA), which was adopted September, 1963, provided, in part, as follows: " Arbitration of all questions in dispute under this Agreement shall be at the choice of either party and shall be in accordance with the provisions, then obtaining, of the Standard Form of Arbitration Procedure of The American Institute of Architects. This Agreement shall be specifically enforceable under the prevailing arbitration law ". From the language quoted it appears clear that the dominant or primary intention of the parties was that disputes should be resolved by arbitration and not by time-consuming litigation. In fact Article 12 further provides, expressly, " The decision of the arbitrators shall be a condition precedent to the right of any legal action." (Cf. *Matter of Delma Eng. Corp. [K & L Constr. Co.]*, 6 A D 2d 710, affd. 5 N Y 2d 852.) But, says respondent, we agreed to arbitrate before the AIA, and not before the AAA. The form of arbitration stipulated was purely procedural in that it should be in accordance with that of the AIA. The Standard Form of Procedure of the AIA as it existed in 1958, and presumably up to 1966, permitted the parties intending to arbitrate any claim or dispute "subject to arbitration under any of the Standard Documents" of the AIA to " designate whether the arbitration shall be administered in accordance " with the standard procedure of the AIA or the rules of the AAA. March 8, 1966, the AIA discontinued all arbitration functions and became a party to the " Construction Industry Arbitration Rules ", effective March 8, 1966, which rules were to be " administered by American Arbitration Association." The form used in the execution of the agreement between the parties was that originally adopted by the AIA in 1963. When executed in 1968 the AIA no longer separately conducted arbitration procedures, a somewhat incidental function for the AIA, but had consented to the assumption of that responsibility by the AAA, which acted as administrator of the Rules. It is a fair construction that the parties, in carrying out their avowed intention to seek

arbitration of any disputes which might arise, intended as well to utilize any procedure sponsored and approved by the AIA and of which it was an integral part. These were in reality the AIA provisions existing at the time arbitration was sought. As heretofore stated, the order appealed from is reversed and the motion to stay denied. The appeal from the order denying reargument is dismissed as nonappealable. It is of no significance in light of our disposition of the companion appeal. Concur— Stevens, P. J., Capozzoli, Nunez, Kupferman and McNally, JJ.