■ HONEOYE FALLS-LIMA CENTRAL SCHOOL DISTRICT, Respondent, v HONEOYE FALLS-LIMA EDUCATION ASSOCIATION et al., Appellants.—Order unanimously affirmed, without costs; Goldman, J., not participating. Memorandum: In response to an announcement by the Honeoye Falls-Lima Board of

Education (board) that a number of programs and teaching positions were to be abolished, the teachers' association filed a grievance in accordance with procedures established in its bargaining agreement. Failing to get satisfaction, the association served notice of intention to arbitrate and the board obtained a stay of arbitration. Essentially, the association seeks to arbitrate the question of whether the board violated the bargaining agreement between the parties by failing to submit the proposed abolition of educational programs and the affected teaching positions to a teacher committee for consultation. The association relies on section 1 of article XIX of the agreement, which provides: "In the event the Board of Education or Administration considers a change in policy or practice which is not a part of the Board and Classroom Teachers' Association Agreement and *which is within the scope of bargaining or affects terms and conditions of employment,* the Board of Education or Administration agrees to submit proposed changes to a committee to be formed in conjunction with the Classroom Teachers' Association for their review and mutual agreement which would be submitted to the Board of Education and Classroom Teachers' Association within 30 days. *Final consideration is at the discretion of the Board of Education."* (Emphasis added.) Appellant takes the position that the abolition of programs and positions is the equivalent of "a change in policy or practice" as those terms are used in article XIX. If that were clearly demonstrated, of course, the board would have been obligated to consult with the teachers' committee *and its failure to do so would have given rise to an arbitrable* grievance (see *Matter of Cohoes City School Dist. v Cohoes Teachers Assn.,* 40 NY2d 774). The policies or practices encompassed by article XIX are those which are not part of the agreement and which are within the scope of bargaining or which affect terms and conditions of employment. The board contends that decisions affecting curriculum are not matters of "policy or practice". The conflict is easily settled by application of the principles recently established in *Matter of Acting Superintendent of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.],* 42 NY2d 509). Adding a new dimension to the decisional law on arbitration arising under authority of the Taylor Law, the court held that, henceforth, the question of what is arbitrable will be decided by the courts. In so doing, a two-tier analysis will be employed. First, the subject matter will be examined to determine if it is within the scope of arbitration permissible under the terms of the Taylor Law. If it is, inquiry must turn to the bargaining agreement to determine whether the parties have agreed to refer disputes in a particular area to arbitration. Such agreement will not be inferred. "Indeed, inasmuch as the responsibilities of the elected representatives of the tax-paying public are overarching and fundamentally nondelegable, it must be taken, in the absence of clear, unequivocal agreement to the contrary, that the board of education did *not* intend to refer differences which might arise to the arbitration forum." *(Matter of Acting Superintendent of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.], supra,* p 514.) Viewed in the light of those precise and exacting principles, appellants' claim of arbitrability must fail. The disputed contract is lacking in the "express, direct and unequivocal" language required. *(Matter of Acting Superintendent of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.], supra,* p 511.) Further, inasmuch as the establishment and abolition of educational programs is one of the functions delegated to the board, (Education Law, § 1709, subds 3, 5, 33) it will be presumed that the board did not agree to refer these matters to arbitration.

The order staying arbitration is therefore affirmed. (Appeal from order of Monroe Supreme Court—stay arbitration.) Present—Moule, J. P., Cardamone, Dillon, Denman and Goldman, JJ.