■ IRVING TEPLITSKY, Individually and as Executor of MAX TEPLITSKY, Deceased, et al., Appellants, v DOUGLASTON GOLF PRACTICE RANGE, INC., Respondent.—Judgment and order (one paper), Supreme Court, New York County, entered March 22, 1978, which dismissed the petition and directed the parties to proceed to arbitration, unanimously reversed, on the law, and vacated with $40 costs and disbursements, of this appeal payable by respondent to appellant, the petition is reinstated and the application is granted to the extent of directing a trial of the preliminary substantive issues raised as to whether the lease is still in effect and, if so, whether the option was exercised in accordance with the lease terms and the matter is remanded for trial of those issues and final disposition. Petitioner is the owner of a tract of land in Queens County which was leased for a long term to respondent. The lease granted respondent an option to purchase at the "fair market ground value" of the land. The option could be exercised only while the lease was in effect and while respondent was not in default under the lease terms. There was a narrow arbitration clause in the lease which provided that if the parties could not agree on value of the land, then such value was to be determined by arbitration. Respondent tenant demanded arbitration in accordance with this lease provision. Petitioner sought to stay arbitration, contending that the lease theretofore terminated by reason of a conditional limitation in 1974. Petitioner further asserts that assuming the lease is not validly terminated, the respondent tenant could not validly exercise the option because it was in default of taxes and there was no effort to arrive at a mutual agreement of "fair market ground value" and hence, no dispute. Special Term dismissed the petition and directed the parties to arbitrate on the ground that termination of the lease, and whether the option was validly exercised, are questions for the arbitrator, citing *Matter of Riccardi (Modern Linen Supply Co.)* (45 AD2d 191, affd 36 NY2d 945) and *Matter of Macy & Co. (National Sleep Prods.)* (39 NY2d 268). However, in view of the narrow and limited arbitration clause, these cases are clearly inapposite. Accordingly, the preliminary issues of whether the lease is still in existence and, if so, whether the option was exercised in accordance with the lease terms are for the court to determine. Concur—Lupiano, J. P., Silverman, Fein, Lane and Sullivan, JJ.

■ CHASE MANHATTAN MORTGAGE AND REALTY TRUST, Appellant, v HENRY H. MINSKOFF et al., Respondents.—Order, Supreme Court, New York County, entered on January 5, 1978, unanimously affirmed. Defendants-respondents shall recover of appellant $60 costs and disbursements of this appeal. We deem it appropriate to leave the question of the validity of the affirmative defenses for determination at the trial. Concur—Lupiano, J. P., Silverman, Fein, Lane and Sullivan, JJ.