■ BOARD OF EDUCATION OF CITY SCHOOL DISTRICT OF CITY OF LOCKPORT, Appellant, v LOCKPORT EDUCATION ASSOCIATION et al., Respondents.—Order unanimously affirmed, with costs. Memorandum: Although this is labeled a declaratory judgment action, its primary purpose is to avoid arbitration of a claimed violation of a collective bargaining agreement. Since CPLR 7503 provides the appropriate remedy for such relief, Special Term properly treated plaintiff's motion for a preliminary injunction as an application to stay arbitration (cf. *Gaynor v Rockefeller,* 15 NY2d 120, 132; *Belmont Cent. School Dist. v Belmont Teachers Assn.,* 51 AD2d 653). On June 22, 1976 the plaintiff board abolished the position of school nurse teacher and simultaneously created the position of registered professional nurse at an annual salary substantially less than that of school nurse teacher. The defendant association filed a grievance on behalf of six former school nurse teachers who continued in the employ of the school district as registered professional nurses during the 1976-1977 school year. The grievance asserted that the board was in violation of paragraph C of article VII of the collective bargaining agreement which provides that: "If the Board of Education abolishes an office or position and creates another office or position for the performance of duties similar to those performed in the office or position abolished, the person filling such office or position at the time of its abolishment shall be appointed to the office or position thus created without reduction in salary or increment, provided the record of such person has been one of faithful, competent service in the office or·position he has filled." A grievance is defined in the collective bargaining agreement as "any claimed violation, misinterpretation, or unlawful application of any of the provisions of this agreement." The contract provides for a three step grievance procedure, the last of which is binding arbitration. When the board refused to process the grievance, the association served a demand for arbitration in which the remedy sought is the pay differential between the two positions. The board contends that the dispute is not arbitrable because the positions of school nurse teacher and registered professional nurse have been held by both the courts and the Commissioner of Education to be dissimilar (see *Matter of Nixon v Board of Educ.,* 60 AD2d 631; *Matter of Bork v City School Dist. of City of North Tonawanda,* 60 AD2d 13; *Matter of Mills,* 15 Ed Dept Rep 496; *Matter of Record,* 15 Ed Dept Rep 447; *Matter of Zuckerman,* 12 Ed Dept Rep 242). It is argued that there is no valid dispute to be submitted to arbitration and that a finding by an arbitrator that the positions are similar would be contrary to decisional law and public policy. We disagree. The board's reliance upon cases and rulings in nonarbitration matters is misplaced. In considering the threshold issue of whether under public employment contracts there is a valid agreement to arbitrate, it is first necessary to determine whether arbitration claims with respect to the particular subject matter are authorized by the terms of the Taylor Law. If they are not, there is no need for further inquiry, but if reference to arbitration is authorized under that law, it then must be determined whether the parties clearly and unequivocally agreed that the dispute should be resolved in the arbitration forum *(Matter of Acting Supt. of*

*Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.]*, 42 NY2d 509, 513-515). Here the only question to be submitted to the arbitrator concerns the similarity of the positions. The arbitrator's determination of that factual issue will not encroach upon any nondelegable responsibility of the plaintiff board of education (see *Port Washington Union Free School Dist. v Port Washington Teachers Assn.*, 45 NY2d 411; *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.], supra;* cf. *Matter of Candor Cent. School Dist. [Candor Teachers Assn.]*, 42 NY2d 266; cf., also, *Honeoye Falls-Lima Cent. School Dist. v Honeoye Falls-Lima Educ. Assn.*, 59 AD2d 1042). Nor may it be said at this stage of the proceedings that any remedy to be fashioned by the arbitrator will be violative of public policy (see *Port Washington Union Free School Dist. v Port Washington Teachers Assn., supra).* Thus, the controversy is one which may be submitted to arbitration under the Taylor Law. Moreover, the broad language of the arbitration clause, encompassing as it does the entire public employment contract, is sufficiently express, direct and unequivocal to permit arbitration of the controversy (see *Matter of South Colonie Cent. School Dist. v Longo,* 43 NY2d 136). The board agreed to commit a broad spectrum of issues to the arbitration process and expressly agreed to arbitrate controversies involving any claimed contractual violation. In these circumstances, Special Term properly refused to stay arbitration. (Appeal from order of Erie Supreme Court—declaratory judgment.) Present—Moule, J. P., Cardamone, Dillon, Hancock, Jr., and Witmer, JJ.