In the Matter of SWEET HOME CENTRAL SCHOOL DISTRICT OF AMHERST AND TONAWANDA, Appellant, v SWEET HOME SERVICE EMPLOYEES ASSOCIATION, Respondent.—Order unanimously affirmed without costs. Memorandum: Special Term properly denied the application of the Sweet Home Central School District to stay arbitration of a grievance filed by the Sweet Home Service Employees Association challenging the dismissal of a school bus driver. Although a district board of education may retain the power to discipline and terminate employees, it may voluntarily bargain and agree to procedures and programs governing the exercise of that power *(see, Matter of Candor Cent. School Dist. [Candor Teachers Assn.],* 42 NY2d 266, 271-272; *Matter of Cohoes City School Dist. v Cohoes Teachers Assn.,* 40 NY2d 774, 778). Section 1.1.4 of the contract provides that "the District has the right and responsibility to establish programs and procedures to hire, transfer, assign, replace and to dismiss personnel". Section 14.2.1 of the collective bargaining agreement between the District and the Association defines a grievance as "a claimed violation, misinterpretation or inequitable application of *any* provision within this contract" (emphasis added). Thus, a stay of arbitration is not warranted because the subject matter of the dispute falls within the permissible scope of negotiations under the Taylor Law and the terms of the contract *(Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.],* 42 NY2d 509; *see also, Board of Educ. v Barni,* 49 NY2d 311, 314; *Board of Educ. v Lockport Educ. Assn.,* 64 AD2d 1027, 1028). (Appeal from order of Supreme Court, Erie County, Fudeman, J.—arbitration.) Present—Dillon, P. J., Callahan, Green, Pine and Balio, JJ.