■ In the Matter of the Arbitration between HARRY B. HELMSLEY et al., Respondents, and LEONARD WIEN et al., Appellants.—Order and Judgment (one paper), Supreme Court, New York County (Michael Dontzin, J.), entered April 9, 1990, which granted the petition to permanently stay arbitration in this action, unanimously affirmed, with costs.

Harry Helmsley and Leonard Wien entered into a general partnership agreement in October, 1967, to buy the Insurance Exchangelauilding in Chicago. This Chicago Exchange Building Associates (CEBA) Partnership Agreement contains a broad arbitration clause concerning disputes of the partners with respect to the assets of the partnership. A few months later, pursuant to a prior understanding between Helmsley and Wien, Wien sold off most of his interest in CEBA to other investors. These investors or joint venturers entered into a Participating Agreement which also contained a broad arbitration clause concerning disputes with respect to the Participating Agreement or the assets of the Joint Venture, which is

expressly defined as the interest of Wien in the CEBA Partnership. Notably, Wien was the agent of the Joint Venture who had exclusive authority to act on behalf of the venture in the CEBA Partnership. Harry Helmsley, as a general partner of CEBA, was not a party to the Participating Agreement. Over the years, Wien's interests in the Joint Venture were sold and resold and Helmsley eventually acquired a significant interest. The remaining holders of the participating interests are the respondents herein.

In 1989, petitioners made a capital call upon the two general partners of the CEBA Partnership in order to retire the partnership's mortgage obligations. Respondents were thus required to pay about $1.8 million as their pro rata share, as provided in the Participating Agreement. As a result of this payment, respondents allege that Helmsley Spear, Inc., the managing agent of the Chicago building, benefitted economically by an improper reallocation of the partnership's assets. Respondents contend that petitioners thereby breached their contractual and fiduciary duties owed to respondents.

Respondents demanded arbitration against petitioners pursuant to the arbitration clause contained in the CEBA Partnership Agreement. Petitioners sought to stay arbitration since, *inter alia,* respondents are not parties to the CEBA Partnership Agreement and the arbitration clauses in the CEBA Partnership Agreement and the Participating Agreement are not interrelated. In response to the petition, respondents relied upon the Participating Agreement as it "interlocked" with the Partnership Agreement.

In granting the petition to stay arbitration, the IAS Court determined, *inter alia,* that respondents were not parties to the CEBA Partnership Agreement, the rights and obligations of the Participating Agreement are separate from those in the Partnership Agreement, and that there is no clear intention that Helmsley, as a general partner of CEBA, intended to be bound by the arbitration provisions of both the CEBA Agreement and the Participating Agreement. The court concluded by noting that respondents have a remedy at law. We agree.

Before a court will order a party to submit to arbitration, there must be evidence, clearly lacking here, of that party's unequivocal intent to arbitrate the relevant dispute. *(See, Matter of Marlene Indus. [Carnac Textiles],* 45 NY2d 327, 334.) Indeed, the two arbitration clauses at issue are distinct and unrelated. Moreover, the record demonstrates that the partners in the CEBA partnership were careful to keep the two agreements, and the property covered by the agreements,

separate. Further, the subsequently executed Participating Agreement does not incorporate, amend, supplement, affect or modify the CEBA Partnership Agreement. Clearly, if either of the general partners of CEBA, both sophisticated businessmen, intended to be bound by the provisions of the Participating Agreement, in their capacity as general partners of CEBA, the intent to do so would have been clearly expressed. Concur —Sullivan, J. P., Carro, Wallach and Kupferman, JJ.