■ In the Matter of WE'RE ASSOCIATES, INC., et al., Appellants, v INTERNATIONAL BUSINESS MACHINES CORPORATION, Re-

spondent. [633 NYS2d 180] —In a proceeding pursuant to CPLR article 75 to stay arbitration between the petitioner landlord and the respondent former tenant concerning the calculation of certain payments under a provision in the lease, the petitioners appeal from an order of the Supreme Court, Nassau County (Lockman, J.), entered May 23, 1995, which denied the application, dismissed the petition, and directed that the matter proceed to arbitration.

Ordered that the order is reversed, on the law, with costs, the petition is reinstated, and the application is granted to the extent that the matter is remitted to the Supreme Court, Nassau County, for a trial on the preliminary issues raised as to the effect of any abandonment and the modification of the arbitration provision.

The court's determination that issues relating to the effect of the abandonment and modification of the arbitration clause were for the arbitrator to decide was based on an erroneous finding that the arbitration clause was "broad" in nature. The arbitration clause here did *not* call for all disputes arising out of the contract, its interpretation, performance or breach to be submitted to arbitration, and was not, therefore, a "broad" arbitration clause. When the arbitration clause is broad, any " 'questions with respect to the validity and effect of subsequent documents purporting to work a modification or termination of the substantive provisions of the original agreement' " may properly be left to the arbitrator *(Inryco, Inc. v Parsons & Whittemore Contrs. Corp.,* 55 NY2d 666, 667).

However, the arbitration clause herein was "narrow" in scope, and called for arbitration only of disputes relating to certain payments made under the lease. Therefore, it was incumbent upon the court to determine the effect of any abandonment or modification of the arbitration provision before permitting the matter to proceed to arbitration *(see, Teplitsky v Douglaston Golf Practice Range,* 64 AD2d 578). Consequently, the order is reversed and the matter is remitted to the Supreme Court for a trial on these issues. Bracken, J. P., Pizzuto, Joy and Krausman, JJ., concur.