■ In the Matter of the Arbitration between HUGO BUNZL, Appellant, and VIRGINIO BATTANTA et al., Respondents. [637 NYS2d 703] —Order and judgment (one paper), Supreme Court, New York County (Richard Lowe, III, J.), entered August 17, 1995, which, *inter alia*, denied petitioner's motion for a preliminary injunction pending arbitration pursuant to CPLR 7502 (c) and granted respondent Virginio Battanta's cross motion to stay arbitration of the claims asserted by petitioner in his Demand for Arbitration, unanimously affirmed, without costs.

For the principal purpose of purchasing a commercial building in Connecticut, petitioner Hugo Bunzl, respondent Virginio Battanta, who is Bunzl's uncle, and John H. Steele formed a Delaware corporation known as BBS Norwalk One, Inc. ("BBS"). The BBS Shareholders Agreement provides that 45 shares of common stock shall be issued to "Virginio Battanta and Hugo Bunzl, or a corporation to be formed and owned by Battanta and Bunzl" (90% of the shares) and that 5 shares of common stock shall be issued to "John H. Steele, or a corporation to be formed and owned by Steele." The BBS Shareholders Agreement also provides that "[a]ny disputes among or between the parties hereto *arising pursuant to this Agreement* shall be submitted to the American Arbitration Association in New York City for determination" (emphasis added). Bunzl and Battanta apparently formed B&B Property, Inc. ("B&B"), also a Delaware corporation, which is the owner of 45 shares of BBS common stock. A dispute has arisen between Bunzl and his uncle, Battanta, as to whether Bunzl is merely a nominal shareholder of B&B. To resolve this dispute, Bunzl seeks access to an arbitral forum, relying on the mandatory arbitration language in the BBS Shareholders Agreement.

A court will not order a party to submit to arbitration absent evidence of that party's "unequivocal intent to arbitrate the

relevant dispute" (*Matter of Helmsley [Wien]*, 173 AD2d 280, 281), and unless the "dispute falls clearly and unequivocally within the class of claims agreed to be referred to arbitration" (*Matter of Acting Supt. of Schools [United Liverpool Faculty Assn.]*, 42 NY2d 509, 515). "The determination of whether there is a clear, unequivocal and extant agreement to arbitrate the disputed claims * * * is a question for the court and not the arbitrator" (*Matter of Polar Entertainment Corp. [Directors Guild]*, 189 AD2d 711).

Here, without reaching the merits of the dispute between Bunzl and Battanta as to whether Bunzl is merely a nominal shareholder of B&B Property, Inc., we find that the record supports the IAS Court's determination to stay the underlying arbitration, and deny petitioner's application for a preliminary injunction pending arbitration pursuant to CPLR 7502 (c), because the claims asserted by petitioner in his Demand for Arbitration are not the subject of an agreement to arbitrate. The limited arbitration clause in the BBS Shareholders Agreement clearly provides only for arbitration of any disputes arising under that particular agreement and was not intended to encompass a dispute concerning ownership of B&B.

We have considered petitioner's remaining arguments and find them to be without merit. Concur—Ellerin, J. P., Rubin, Nardelli, Tom and Mazzarelli, JJ.