[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION APPLICATION FOR COURT ORDER TO PROCEEDWITH ARBITRATION AND FOR APPOINTMENT OF ARBITRATOR
ISSUE
According to parties' agreement to arbitrate, must the plaintiff and defendant submit their contractual disputes to the American Arbitration Association or must they submit all contractual issues to another mutually agreed upon arbitrator?
The parties' agreement to arbitrate clearly indicates that all claims for arbitration would be submitted pursuant to the American Arbitration Association's procedures which explain that all claims must be filed with the association. Accordingly, the court orders the parties to proceed with arbitration and to file all arbitrable disputes with the American Arbitration Association.
FACTS
The plaintiff, Richard Chiodo, and the defendant, Domenick Knox, were the sole shareholders of Scotty's Sanitation Services, Inc. (Scotty's). Due to irreconcilable differences, between the parties, the plaintiff and defendant entered into a split-up agreement and plan of reorganization for Scotty's on April 17, 1995. This agreement contains a clause concerning the use of arbitration to settle any controversies that may arise out of the reorganization. The arbitration clause provides in relevant part: "ARBITRATION: Any claim, controversy and/or dispute arising out of or relating to, the interpretation or performance pursuant to the terms of this agreement, or any breach thereof, shall first be submitted to the Professional Assistants and Personal Representatives for each party who shall meet and attempt to resolve the dispute. If the Professional Assistants and Personal Representatives shall be unable to resolve the dispute within fifteen (15) days of their meeting, the dispute shall be resolved by binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association. . . ."
The plaintiff filed an application with the court seeking an order to proceed with arbitration and for appointment of an arbitrator. According to the application, the plaintiff claims that numerous controversies have arisen out of the reorganization agreement which the parties' personal representatives could not solve. Although the plaintiff argues that the court should compel the parties to submit to CT Page 5284-AA arbitration, he also contends that the arbitration clause does not compel him to file his claims with the American Arbitration Association (AAA). The plaintiff contends that according to the arbitration clause, the claims may be brought before any mutually agreed upon arbitrator and the arbitrator would merely apply the rules set forth by the AAA. The defendant agrees that the parties should proceed with arbitration but argues that the arbitration clause mandates that the parties must submit any matters for arbitration to the AAA.
DISCUSSION
"Unless statutorily mandated . . . arbitration is a creature of contract." (Citations omitted.) White v. Kampner,229 Conn. 465, 471, 641 A.2d 1381 (1994). "Construction of the contract for arbitration [is] for the court." Chase Brass Copper Co. v. Chase Brass Copper Workers Union, 139 Conn. 591,595, 96 A.2d 209 (1953). "An arbitration clause is a written submission, agreed to by the parties to the contract, and, like other written submissions to arbitration, must be construed according to its language and in the light of the circumstances in which it is made." Batter Building Materials Co. v.Kirschner, 142 Conn. 1, 9, 110 A.2d 464 (1954). "Courts of law must allow parties to make their own contracts, and can enforce only such as they actually make." Chase Brass Copper Co. v.Chase Brass Copper Workers Union, supra, 595. General Statutes § 52-411(a) provides that "[i]f in a written agreement to arbitrate, a method of appointing an arbitrator . . . has been provided, the method shall be followed."
In Kingsbrook Jewish Medical Center v. Katz,37 App.Div.2d 518, 321 N.Y.S.2d 773, ___ N.E.2d ___, aff'd, 29 N.Y.2d 854,328 N.Y.S.2d 5, 277 N.E.2d 925 (1971), which is factually analogous to the present case, the parties entered into a contract that contained an arbitration clause. This clause stated, "[a]rbitration of all questions in dispute under this Agreement shall be at the choice of either party and shall be in accordance with the provisions, then obtaining, of the Standard Form of Arbitration Procedure of the American Institute of Architects (AIA)." Id., 519. The appellant in the case sent a notice to arbitrate to the respondent indicating that it wished to submit their disputes to the AAA. Id. The respondent stated that the parties agreed to have the matter arbitrated before the AIA and not the AAA. Id. CT Page 5284-BB
The court indicated that "[t]he form of arbitration stipulated was purely procedural in that it should be in accordance with that of the AIA." Id. The parties executed their agreement in 1968 when "the AIA no longer separately conducted arbitration procedures . . . but had consented to the assumption of that responsibility by the AAA, which acted as administrator of the Rules." Id. The court concluded, "[i]t is a fair construction that the parties, in carrying out their avowed intention to seek arbitration of any disputes which might arise, intended as well to utilize any procedure sponsored and approved by the AIA and of which it was an integral part." Id., 519-20. Therefore, by adopting the rules of the AIA, the parties agreed to submit their disputes to the AAA pursuant to AIA's procedures. Id., 520.
Similarly, the parties in this case agreed to utilize the procedures set forth by the AAA by agreeing to submit their disputes to arbitration "in accordance with the Commercial Arbitration Rules of the American Arbitration Association. . . ." (Emphasis added). The Commercial Arbitration Rules state that "[t]he parties shall be deemed to have made these rules a part of their arbitration agreement whenever they have provided for arbitration by the American Arbitration Association or under its rules." (Defendant's Exhibit 1: American Arbitration Association, Commercial Arbitration Rules, 1988, p. 4, para. 1). In their arbitration clause, the parties clearly indicated that these rules were to be "modified in the following particularsonly: (1) the arbitration shall be . . . an individual jointly agreed to by the Professional Assistants and Personal Representatives, or (b) a retired judge sitting specially for purposes of arbitration rules or customs; (2) each party shall be required to deliver to the other not later than sixty (60) days prior to the date set for the hearing a memorandum of such party's contentions of fact and law; and (3) limited civil discovery for the production of documents and taking of depositions shall be permitted." (Emphasis added). These modifications are permitted according to the AAA's drafting recommendations. See American Arbitration Association, Drafting Dispute Resolution Clauses: A Practical Guide, 1993, pages 15, 16 and 24. Paragraph seven of such rules, which the parties never modified, specifically states that a party may initiate an arbitration proceeding by filing its notice to arbitrate with "any regional office of the AAA. . . ." (Defendant's Exhibit 1: American Arbitration Association, Commercial Arbitration Rules, 1988, p. 5, para. 7(b)). CT Page 5284-CC
Accordingly, since the parties clearly indicated their intentions to utilize the procedures set forth in the AAA's Commercial Arbitration Rules and because the parties' modification clause does not provide that the parties will not initiate arbitration by filing their claims with AAA, the language of the arbitration clause demonstrates the parties' intentions to submit their arbitration claims to the AAA pursuant to the procedures set forth in the Commercial Arbitration Rules as adopted in the parties' agreement. Since the parties agree that their present disputes must be submitted to arbitration, the court orders the parties to proceed with arbitration by filing their disputes with the AAA pursuant to method set forth in their agreement.
BY THE COURT
GROGINS, JUDGE