(May 9, 2002)

■ PNE MEDIA, LLC, Appellant, et al., Plaintiff, v DOMINIC CISTRONE et al., Respondents, et al., Defendants. [741 NYS2d 405] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered September 20, 2001, which, insofar as appealed from, denied appellant's motion to stay the first and second counterclaims of respondents pending arbitration of such counterclaims, unanimously reversed, on the law, without costs, the motion granted, and the counterclaims permanently stayed.

The amended complaint contains, inter alia, several causes of action for breach of contract, fraud, and breach of fiduciary duty arising under certain promissory notes and pledge agreements among the parties. In response to respondents' motion to compel arbitration, the court held that the action was not subject to arbitration. Thereafter, respondents asserted, inter alia, two counterclaims for breach of contract and breach of fiduciary duty under a limited liability corporation (LLC) agreement pursuant to which appellant PNE Media, LLC purchased a controlling interest in plaintiff Marathon Outdoor, LLC from respondents.

The Supreme Court erred in finding that the counterclaims, although subject to an arbitration clause, were inextricably bound together with the main claims and therefore should be resolved in the same judicial forum. Indeed, "arbitration clauses, as contractual agreements, must be enforced according to their terms" (*HSBC Bank USA v National Equity Corp.*, 279 AD2d 251, 254; *see also, Matter of Bunzl [Battanta]*, 224 AD2d 245, 245-246). Thus, the arbitration in the LLC agreement should have been enforced, even if the result is bifurcated litigation (*see, HSBC Bank USA, supra* at 254). This is consistent with New York's "long and strong public policy favoring arbitration" (*Matter of Smith Barney v Sacharow*, 91 NY2d 39, 49).

We also note that the counterclaims should be stayed under the Federal Arbitration Act (*see, Dean Witter Reynolds v Byrd*, 470 US 213) as they are related to interstate commerce (*see, St. Lawrence Explosives Corp. v Worthy Bros. Pipeline Corp.*, 916 F Supp 187, 189-190). Concur—Williams, P.J., Mazzarelli, Andrias, Lerner and Marlow, JJ.