■ PRIMAVERA LABORATORIES, INC., Appellant, v AVON PRODUCTS, INC., Respondent. [747 NYS2d 16]

It is well settled that a court will not order a party to submit to arbitration absent evidence of that party's "unequivocal intent to arbitrate the relevant dispute" (*Matter of Helmsley [Wien]*, 173 AD2d 280, 281; *accord, Matter of Bunzl [Battanta]*, 224 AD2d 245), and unless the dispute falls clearly within that class of claims which the parties agreed to refer to arbitration (*Matter of Bunzl [Battanta]*, 224 AD2d at 246). The threshold determination of whether there is a "clear, unequivocal and extant agreement to arbitrate" the disputed claims is to be made by the court and not the arbitrator (*Matter of Primex Intl. Corp. v Wal-Mart Stores*, 89 NY2d 594, 598; *Sisters of St.*

*John the Baptist v Phillips R. Geraghty Constructor*, 67 NY2d 997, 998), and arbitration clauses, as contractual agreements, must be enforced according to their terms, even if the result is bifurcated litigation (*PNE Media v Cistrone*, 294 AD2d 143; *HSBC Bank USA v National Equity Corp.*, 279 AD2d 251, 254).

In this matter, when the arbitration clauses are read in context with the other requirements and obligations of the parties' agreements, they are clearly narrow in scope and limited to one category of claim—dispute as to royalties payable. The agreements expressly provide for the enforcement of all other obligations between the parties in the New York courts.

In addition, the method of arbitration to which the parties have agreed* mandates the resolution of numerous preliminary issues concerning alleged breaches of contract, including the refusal to allow auditors to access data and the failure to create and maintain documents, as well as misrepresentation and spoliation, before the arbitration procedure can be invoked. It is these issues which are the subject of plaintiff's first through eleventh causes of action. Accordingly, these nonarbitrable issues must be resolved by the court before arbitration can proceed (*see Teplitsky v Douglaston Golf Practice Range*, 64 AD2d 578). Concur—Nardelli, J.P., Tom, Rosenberger, Wallach and Friedman, JJ.

---

* The parties chose an arbitration procedure sometimes referred to as "baseball" arbitration, whereby each party submits to the arbitrators, in writing, a statement of that party's position with supporting facts and data, and a best and final offer with respect to each issue submitted for resolution. The arbitrators must then choose one party's offer, and are not empowered to modify the chosen offer.