*722 OPINION OF THE COURT
Elizabeth Bonina, J.
Motion by defendants Labor Ready, Inc. and Labor Ready Northeast, Inc. (collectively, Labor Ready or defendants) for an order staying this action pursuant to CPLR 2201 and compelling plaintiffs to individually arbitrate their claims pursuant to CPLR 7503 (a) is granted.
In their complaint, plaintiffs allege, among other things, that they were formerly employed by Labor Ready and that they were given the option of receiving their wages by check or by a cash voucher. In the event that they chose the cash voucher option, they were required to utilize “a Labor Ready-owned cash dispensing machine” in Labor Ready’s premises to obtain their cash payment and to pay a processing fee of between $1 and $1.99 for the transaction. Plaintiffs assert that the processing fees were unlawful deductions from their wages and, as such, prohibited by Labor Law § 193. On behalf of themselves and “all others similarly situated,” they seek damages as a result of the charges, as well as injunctive relief.
In their motion, defendants point out that prior to their employment with Labor Ready, plaintiffs each completed an application for employment wherein they agreed that “any disputes arising out of [their] employment * * * and all other employment related issues * * * will be resolved by arbitration as [their] sole remedy.” Because each plaintiff has agreed to arbitrate the claims he is pursuing herein, Labor Ready contends that this action should be stayed and plaintiffs compelled to proceed to arbitration before the American Arbitration Association.
In opposition to the motion, plaintiffs argue that the alleged arbitration agreements “contravene strong public policies * * * and therefore are not enforceable.” Because plaintiffs would be precluded from acting as a class in arbitration, the costs they would each incur in arbitration would far outweigh any potential recovery. Consequently, according to plaintiffs, “[t]he beneficial purposes of arbitration, which include the lowering of costs, would be turned upside down” and “Labor Ready’s policy must be enjoined because it violates the law.” Assuming that the arbitration agreements herein are valid, plaintiffs further contend that “defendants have long abandoned any right to insist on arbitration instead of judicial review.” Plaintiffs fault defendants because “the answer does not include the alleged right to arbitrate as an affirmative defense.” Moreover, *723 because defendants have “actively participated in this litigation,” by filing both a motion to dismiss and a motion for summary judgment, plaintiffs assert that defendants waived their right to arbitration.
In reply, Labor Ready notes that the prior motions — for dismissal based upon a failure to state a cause of action and for partial summary judgment with respect to plaintiffs’ right to seek class action certification — did not “engage the factual substance of the dispute or invoke a court’s discovery-related powers” and therefore did not constitute a waiver. Labor Ready also points out that, although this action has been pending for 23 months, “[seventeen of those twenty-three months have passed awaiting decisions of the motion to dismiss (7 months) and the motion for summary judgment (10 months).” With respect to the issue of unconscionability as it relates to the costs plaintiffs would have to incur in pursuing their claims before the American Arbitration Association, Labor Ready characterizes the arbitration fees as “reasonable, not excessive” and has agreed to “bear the costs of arbitration after the plaintiffs pay the initial arbitration filing fee.”
It is well settled that a court will not order a party to submit to arbitration absent evidence of that party’s “unequivocal intent to arbitrate the relevant dispute” (Matter of Helmsley [Wien], 173 AD2d 280, 281) and unless the dispute falls clearly within that class of claims which the parties agreed to refer to arbitration (Matter of Bunzl [Battanta], 224 AD2d 245, 246). In this matter, plaintiffs agreed to arbitrate any dispute arising out of their employment and “all other employment related issues.” The fact that a class action lawsuit, as plaintiffs contemplate, may be a less costly alternative to arbitration (which is generally less costly than litigation) does not alter the binding effect of the valid arbitration clause contained in the application for employment (see Brower v Gateway 2000, 246 AD2d 246, 253).
While the party who commences an action may be assumed to have waived any right it may have had to submit the issues to arbitration, this assumption does not apply to a defendant (see De Sapio v Kohlmeyer, 35 NY2d 402, 405). Nevertheless, a defendant’s right to compel arbitration and the concomitant right to stay the action does not remain absolute, but may be waived by, for example, interposing a counterclaim, giving notice of trial, or obtaining an order for the taking of a deposition (see Matter of Zimmerman [Cohen], 236 NY 15; see also Kobler v Royal Alliance Assoc., 264 AD2d 675; Bucci v McDermott, 156 *724 AD2d 328). In the absence of unreasonable delay, so long as the defendant’s actions are consistent with an assertion of a right to arbitrate, there is no waiver. Here, after service of plaintiffs’ complaint, defendants promptly moved for dismissal pursuant to CPLR 3211 (a) (7). Following denial of that motion and before any discovery took place, defendants sought partial summary judgment on the sole ground that class certification is improper in this type of wage dispute case. That motion was likewise denied and the instant motion followed a few weeks later. Since the delays herein were not unreasonable and defendants’ participation in the lawsuit did not manifest an affirmative acceptance of the judicial forum, there was no waiver of the right to arbitration. Contrary to plaintiffs’ contention, there was no waiver because defendants’ answer did not demand arbitration. Although it would have been better practice for defendants to initially assert their right to insist on arbitration, what is determinative is whether defendants’ actions herein were inconsistent with an intention to arbitrate (see Allied Bldg. Inspectors Intl. Union of Operating Engrs., Local Union No. 211, AFL-CIO v Office of Labor Relations of City of N.Y., 45 NY2d 735, 738).
Plaintiffs might have a strong case for class action certification if no arbitration agreement existed since the institution of individual lawsuits for the modest sums at issue would be self-defeating. However, maintenance of a class action here by assertion of a claim for which a forum is provided elsewhere would defeat the aim of arbitration and undercut the avowed purpose of the class action itself — the “conservation of judicial effort” (see Harris v Shearson Hayden Stone, 82 AD2d 87, 92-93, affd 56 NY2d 627). Whether or not it might be considered unreasonable to expect plaintiffs to pay all of the costs associated with arbitration of their modest claims, defendants have offered to bear such costs after plaintiffs pay the initial filing fee. Therefore, the court conditions the relief herein on that offer. Accordingly, for the foregoing reasons, the motion by defendants is granted.