■ DEEPHAVEN DISTRESSED OPPORTUNITIES TRADING, LTD., et al., Plaintiffs, v 3V CAPITAL MASTER FUND LTD., Defendant/Third-Party Plaintiff-Respondent. IMPERIAL CAPITAL LLC, Third-Party Defendant-Appellant, et al., Third-Party Defendants. [899 NYS2d 50]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered October 22, 2009, which, to the extent appealed

from as limited by the briefs, denied third-party defendant broker Imperial Capital LLC's motion to compel arbitration, unanimously affirmed, with costs.

The subject arbitration clause provided that third-party plaintiff 3V Capital Master Fund Ltd. had agreed to the "clearing" terms of the brokerage agreement between itself, among other hedge funds, and Imperial. The brokerage agreement provided that in light of 3V's agreement to maintain an account in the name of its prime broker, Imperial agreed that controversies arising between itself and 3V would be determined by arbitration. The first paragraph of the brokerage agreement stated that the agreement set forth the terms and conditions under which Imperial would clear 3V's securities transactions through the facilities of a prime broker, pursuant to a fully disclosed clearing agreement. The language of the foregoing arbitration clause narrowed the scope of arbitrable controversies between the parties to the brokerage agreement (*see Gerling Global Reins. Corp. v Home Ins. Co.*, 302 AD2d 118, 126 [2002], *lv denied* 99 NY2d 511 [2003]). Imperial failed to demonstrate that 3V's claims against it had any relation to the type of transactions covered under the brokerage agreement.

While Imperial urges arbitration in the interest of judicial economy, we have held that arbitration clauses, like contractual agreements, are to be enforced according to their terms, the potential for bifurcated litigation notwithstanding (*see PNE Media v Cistrone*, 294 AD2d 143, 144 [2002]). Concur—Tom, J.P., Mazzarelli, Acosta, DeGrasse and Richter, JJ.