■ LLOYD A. GELWAN, Respondent-Appellant, v YOUNI GEMS CORPORATION et al., Appellants-Respondents, et al., Nominal Defendant. [59 NYS3d 10]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered March 19, 2015, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion to dismiss defendants' counterclaims, unanimously affirmed, without costs. Order, same court and Justice, entered August 12, 2014, which, to the extent appealed from, directed the parties to proceed to arbitration before the American Arbitration Association (AAA) of the first, sixth, seventh, eighth, and ninth causes of action, which were severed and dismissed from the action, unanimously modified, on the law, to dismiss, sever, and refer to arbitration before AAA the part of the eighth cause of action, which seeks a charging lien, addressed to fees covered by the retainer agreement, and to reinstate the sixth cause of action, which seeks an account stated, and otherwise affirmed, without costs.

Plaintiff seeks to recover legal fees and costs relating to his successful representation of defendants in an action involving a joint venture enterprise called Bassco Creations, pursuant to a contingency fee retainer agreement that contained an arbitration provision, and for work performed outside of the retainer agreement.

The motion court correctly found that defendants' counterclaims do not allege conduct sufficiently egregious to support a Judiciary Law § 487 claim (*see Kaminsky v Herrick, Feinstein LLP*, 59 AD3d 1, 13 [1st Dept 2008], *lv denied* 12 NY3d 715 [2009]).

To the extent the eighth cause of action, which seeks a charging lien, addresses services covered by the retainer agreement, the arbitration clause in the retainer agreement must be enforced, despite the consequent bifurcation of the litigation (*see Deephaven Distressed Opportunities Trading, Ltd. v 3V Capital Master Fund Ltd.*, 72 AD3d 562, 563 [1st Dept 2010]). The sixth cause of action, which seeks an account stated, should be reinstated, since it was not shown to be related to work performed pursuant to the retainer agreement.

In light of the broad arbitration provision, which was drafted by plaintiff and the nominal defendant and does not identify an arbitral forum or a procedure for selecting one, and the absence of any stated basis for plaintiff's objection to AAA, the court properly granted defendant's request to refer the arbitration to that forum (*see Matter of Kingsbrook Jewish Med. Ctr. v Katz, Waisman, Weber, Strauss, Blumenkrans, Bernhard*, 37 AD2d 518, 519 [1st Dept 1971], *affd* 29 NY2d 854 [1971]). Concur—Friedman, J.P., Webber, Gesmer and Kern, JJ.