New 110 Cipriani Units, LLC v Board of Mgrs. of 110 E 42nd St. Condominium (2018 NY Slip Op 08096)





New 110 Cipriani Units, LLC v Board of Mgrs. of 110 E 42nd St. Condominium


2018 NY Slip Op 08096


Decided on November 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2018

Renwick, J.P., Tom, Webber, Kahn, Moulton, JJ.


7727 652595/18

[*1]New 110 Cipriani Units, LLC, Plaintiff-Appellant,
v
Board of Managers of 110 E 42nd Street Condominium, et al., Defendants-Respondents.


Ellenoff Grossman & Schole LLP, New York (John Brilling Horgan and Fawn M. Lee of counsel), for appellant.
Stempel Bennett Claman & Hochberg, P.C., New York (Richard L. Claman of counsel), for respondents.



Judgment, Supreme Court, New York County (O. Peter Sherwood, J.), entered June 26, 2018, denying plaintiff's motion for a stay of arbitration and sua sponte dismissing the complaint, unanimously affirmed, with costs.
The court properly considered plaintiff's motion pursuant to CPLR 6301 for a preliminary injunction as an application pursuant to CPLR 503 to stay arbitration, since plaintiff's primary purpose was to avoid arbitration (Board of Educ. of City School Dist. of City of Lockport v Lockport Educ. Assn. , 64 AD2d 1027 [4th Dept 1978]; see also CPLR 103[c] ["Improper form"]).
Contrary to plaintiff's contention, its claims fall clearly within the class of claims that the parties agreed to arbitrate (see Primavera Labs. v Avon Prods. , 297 AD2d 505 [1st Dept 2002]). Indeed, plaintiff's claims are actually defenses to the claims asserted by defendants in the arbitration, rather than, as plaintiff contends, threshold claims beyond the scope of the arbitration agreement.
The court had the power to dismiss the complaint upon a search of the record, as on a motion for summary judgment (see CPLR 409[b]; Matter of Friends World Coll. v Nicklin , 249 AD2d 393 [2d Dept 1998]; CPLR 3212[b]; Dunham v Hilco Constr. Co. , 89 NY2d 425, 429-430 [1996]). The court having determined that plaintiff's claims fell within the ambit of the arbitration agreement and that plaintiff was not entitled to a stay of the arbitration, the CPLR 7503(b) special proceeding was disposed of; the court had heard a thorough discussion of the issues by the parties that was sufficient to warrant directing judgment in favor of defendants (see CPLR 3212[b]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 27, 2018
CLERK