Konstantynovska v Caring Professionals, Inc. (2019 NY Slip Op 03676)





Konstantynovska v Caring Professionals, Inc.


2019 NY Slip Op 03676


Decided on May 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2019

Sweeny, J.P., Gische, Tom, Gesmer, Singh, JJ.


9268N 159883/16

[*1] Lyudmyla Konstantynovska, et al., Plaintiffs-Respondents,
v
Caring Professionals, Inc., Defendant-Appellant.


Jackson Lewis P.C., Melville (Noel P. Tripp of counsel), for appellant.
Virginia & Ambinder, LLP, New York (LaDonna M. Lusher of counsel), for respondents.



Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered July 5, 2018, which denied defendant's motion to compel arbitration and stay the action, unanimously modified, on the law, to grant the motion to compel arbitration and stay the action with respect to plaintiff Lyudmyla Konstantynovska's individual claims, and otherwise affirmed, without costs.
Plaintiff Lyudmyla Konstantynovska is bound by the arbitration provision in the memorandum of agreement (MOA) amendment to the collective bargaining agreement because the amendment was entered into on December 13, 2016 while she was still employed with defendant, even though it was not ratified until after her employment ended (see Safonova v Home Care Servs. for Ind. Living, Inc., 165 AD3d 482, 483 [1st Dept 2018]). The MOA contained a clear, unequivocal arbitration provision stating that statutory Labor Law claims were subject to mandatory arbitration.
However, plaintiff Natasha Severin and the other class members cannot be compelled to arbitrate their claims. It is well settled that "a court will not order a party to submit to arbitration absent evidence of that party's unequivocal intent to arbitrate the relevant dispute, and unless the dispute is clearly the type of claim that the parties agreed to refer to arbitration" (Brady v Williams Capital Group, L.P., 64 AD3d 127, 131 [1st Dept 2009], affd in part and mod in part 14 NY3d 459 [2010] [internal quotation marks omitted]; see Matter of Helmsley [Wien], 173 AD2d 280, 281 [1st Dept 1991]). In this case, the collective bargaining agreement which Severin and the class members were party to did not contain an arbitration clause that covered the claims alleged in the complaint.
Moreover, these parties were not bound by the MOA's arbitration provision. The record shows that Severin's employment ceased on July 12, 2016, and that the class was made up of defendant's former employees who were employed during the period of November 2010 until December 1, 2016 but ceased working for defendant on or before December 1, 2016. Neither Severin nor the class members may be bound by the MOA because they were no longer defendant's employees when it was executed, they were not parties to that agreement, and there is no evidence that the Union was authorized to proceed on their behalf (see Chu v Chinese-[*2]American Planning Council Home Attendant Program, Inc., 194 F Supp3d 221, 228 [SD NY 2016]; see also Hichez v United Jewish Council of the E. Side, 2018 NY Slip Op 32327[U], *2-3 [Sup Ct, NY County 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 9, 2019
CLERK