Lorentti-Herrera v Alliance for Health, Inc. (2019 NY Slip Op 05081)





Lorentti-Herrera v Alliance for Health, Inc.


2019 NY Slip Op 05081


Decided on June 25, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2019

Renwick, J.P., Manzanet-Daniels, Webber, Oing, JJ.


9712N 155417/18

[*1] Martha Lorentti-Herrera, et al., Plaintiffs-Respondents,
v
Alliance for Health, Inc., etc., Defendant-Appellant.


Jackson Lewis P.C., New York (Felice B. Ekelman of counsel), for appellant.
Virginia & Ambinder, LLP, New York (LaDonna M. Lusher of counsel), for respondents.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about February 11, 2019, which, to the extent appealed from as limited by the briefs, denied defendant's motion to compel arbitration and stay the action with respect to plaintiff Eugenia Barahona Alvarado and other, similarly situated plaintiffs, unanimously affirmed, without costs.
Plaintiff Alvarado is not bound by the arbitration provision in the collective bargaining agreement (CBA) between defendant and the 1199SEIU United Healthcare Workers East Union (the Union), because the arbitration provision limits mandatory arbitration to disputes between an employee and employer "concerning the interpretation or application of a specific term" of the CBA, and the complaint asserts claims for violations of the Labor Law and for breach of contracts outside of the CBA (see Tamburino v Madison Sq. Garden, LP, 115 AD3d 217, 222-223 [1st Dept 2014]; Brady v Williams Capital Group, L.P., 64 AD3d 127, 131 [1st Dept 2009], mod on other grounds 14 NY3d 459 [2010]).
Although defendant and the Union entered into a memorandum of agreement (MOA) in February 2016 that modified the CBA to mandate arbitration for Labor Law claims, plaintiff's employment with defendant ended on approximately August 24, 2015, and neither she nor any other class member who was not employed by defendant when the MOA was entered into is bound by the MOA's arbitration provision see Konstantynovska v Caring Professionals, Inc., __ AD3d __, 2019 NY Slip Op 03676, *1 [1st Dept, May 9, 2019] [class members not bound by MOA "because they were no longer defendant's employees when it was executed, they were not parties to that agreement, and there is no evidence that the Union was authorized to proceed on their behalf"]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 25, 2019
CLERK