Melohn v Melohn (2022 NY Slip Op 00630)





Melohn v Melohn


2022 NY Slip Op 00630


Decided on February 01, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 01, 2022

Before: Kern, J.P., Singh, Scarpulla, Rodriguez, JJ. 


Index No. 301969/17 Appeal No. 15190 Case No. 2021-02898 

[*1]Elizabeth Melohn, Plaintiff-Respondent,
v
Alfons Melohn, Defendant-Appellant.


Cohen Clair Lans Greifer Thorpe & Rottenstreich LLP, New York (Robert Stephan Cohen of counsel), for appellant.
Chemtob Moss Forman & Beyda, LLP, New York (Joshua Todd Forman of counsel), for respondent.



Order, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered July 14, 2021, which, after a hearing, denied defendant husband's motion to discontinue a divorce action under CPLR 3217 and proceed pursuant to an arbitration agreement executed on September 9, 2019, unanimously affirmed, with costs.
The trial court correctly found that the material terms in the arbitration agreement were not reasonably certain and thus that the agreement was unenforceable (Cobble Hill Nursing Home v Henry & Warren Corp. , 74 NY2d 475, 482 [1989], cert denied 498 US 816 [1990]). Specifically, the arbitration agreement referenced agreed-upon "essential terms" contained in an attachment that it is undisputed was never attached to the agreement. Even if these "essential terms" referred to a draft settlement agreement circulated for review the week before, as defendant argues, this draft agreement was incomplete and was still being negotiated by the parties. Moreover, plaintiff's witness testified credibly that plaintiff did not understand what she was signing when the arbitration agreement was presented to her at 4:00 a.m., without her attorney present, the day before the parties' daughter's wedding, with the threat that defendant would not attend the wedding if she did not sign the agreement. Thus, there is no evidence that plaintiff had an "unequivocal intent to arbitrate" all issues emanating from the divorce action, as set forth in the executed arbitration agreement (see Primavera Labs. v Avon Prods. , 297 AD2d 505, 505 [1st Dept 2002]).
In light of our determination, we need not reach the issue of whether the arbitration agreement should be set aside as unconscionable or the product of overreaching resulting in manifestly unfair terms.
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 1, 2022