Provenance Hotel Partners Fund I, LLC v GCKC Provenance, LLC (2025 NY Slip Op 00201)

Provenance Hotel Partners Fund I, LLC v GCKC Provenance, LLC

2025 NY Slip Op 00201

Decided on January 14, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 14, 2025

Before: Kern, J.P., Kennedy, González, Shulman, Rodriguez, JJ. 

Index No. 653017/24 Appeal No. 3503 Case No. 2024-05072 

[*1]Provenance Hotel Partners Fund I, LLC, Plaintiff-Respondent,
v
GCKC Provenance, LLC, Defendant-Appellant, CREP GenPro Hotel Portfolio LLC et al., Defendants.

Lathem & Watkins LLP, New York (Michael E. Bern of the bar of the District of Columbia, admitted pro hac vice, of counsel), for appellant.
Pryor Cashman LLP, New York (Todd E. Soloway of counsel), for respondent.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about July 26, 2024, which granted plaintiff's motion pursuant to CPLR 7502(c) and 7503(a) to stay defendant's arbitration, unanimously affirmed, with costs.
The motion court properly decided the threshold question of whether the current dispute, which involves both this action and an arbitration, which defendant commenced two weeks after plaintiff brought this action, should be arbitrated. The arbitration clause contained in the parties' GenProv Holdco, LLC Limited Liability Company Agreement provided that "any unresolved controversy or claim shall be decided by arbitration administered by the American Arbitration Association [(AAA)], or such other arbitrator as the parties may mutually agree to use." This language, which indicates that the parties did not specifically select the AAA, let alone incorporate its rules, does not demonstrate that the parties "clearly and unmistakably" submitted the question of arbitrability to an arbitrator (Matter of Steyn v CRTV, LLC, 175 AD3d 1, 10 [1st Dept 2019]; see also DMS Properties-First, Inc. v P.W. Scott Assoc., Inc., 748 A2d 389, 392 [Del 2000] [same under Delaware law]).
The court also providently exercised its discretion in granting plaintiff's motion for a stay of defendant's arbitration. The factors of irreparable harm and the balance of the equities do not strongly favor either party. Although the arbitration clause provided that unresolved controversies should be decided by arbitration, the same clause also provided: "Notwithstanding the foregoing, this paragraph shall not apply to the Member's failure to agree on matters where this Agreement expressly provides that the agreement or non-agreement of such Member is within such Member's sole and absolute discretion."
The bulk of defendant's claims, as well as nearly all of plaintiff's, fall within this broad carve-out to the arbitration clause. Defendant's first cause of action in the arbitration is to the effect that defendant did not breach the agreement as plaintiff alleged, and that plaintiff sent defendant an invalid notice of For Cause Event. This cause of action is precisely the inverse of plaintiff's own claims brought in this action, which are to the effect that defendant breached the agreement and caused a For Cause Event. With one possible exception, a single issue underlies each of plaintiff's claims against defendant: whether defendant improperly declined, in its "sole and absolute discretion," to consent to GenProv Holdco, LLC suing one of defendant's affiliates, Pyramid Global Hospitality. For example, plaintiff's claim for a declaratory judgment removing defendant was to the effect that defendant's breaches of contract constituted For Cause Events. All of the For Cause Events were ultimately to the effect that defendant did not agree to allow GenProv to sue Pyramid. Plaintiff also alleged that defendant failed to exercise good faith in making decisions, failed [*2]to reasonably cooperate in reaching an agreement, and failed to diligently endeavor to reach agreements, and all of those allegations concern whether defendant improperly failed to agree to sue Pyramid. Similarly, the loan agreements claim is, in essence, that defendant's refusal to agree to allow a suit against Pyramid breached certain loan agreements, which required GenProv to enforce certain hotel maintenance agreements by suing Pyramid. These claims regarding a refusal to agree would require a decision-maker to determine whether defendant's withholding of consent was an improper exercise of its "sole and absolute discretion." The only set of allegations that might not require an examination of whether defendant exercised its sole and absolute discretion are those to the effect that defendant failed to use "commercially reasonable" efforts to run GenProv; however, those allegations are largely conclusory and derive from allegations that Pyramid used commercially unreasonable practices.
We acknowledge that defendant's second and third causes of action involve different issues, namely whether plaintiff breached the agreement by purporting to cause GenProv to commence this action without defendant's approval, by violating the arbitration clause, and/or by violating the agreement's confidentiality provision when plaintiff commenced this action. However, the first of those sub-issues, whether plaintiff caused GenProv to commence this action without defendant's approval, involves a "Major Decision" as defined by the agreement and thus would presumably involve the threshold question of whether plaintiff exercised its "sole and absolute discretion" in deciding whether to cause GenProv to sue defendant, which must be litigated in court. Resolving the second sub-issue, concerning breach of the arbitration provision, involves an analysis of whether plaintiff's own claims are arbitrable; as discussed, they are not.
The breach of confidentiality claim falls outside the arbitration provision's carve-out because that breach is not alleged to have involved a Major Decision or any other decision involving plaintiff's "sole and absolute discretion." However, the parties agree that this issue is "inextricably interwoven" with the nonarbitrable issues (Cohen v Ark Asset Holdings, 268 AD2d 285, 286 [1st Dept 2000]). As the nonarbitrable issue of whether defendant improperly exercised its "sole and absolute discretion" in declining to agree to cause GenProv to sue Pyramid constitutes a threshold issue for all but one of the issues in dispute, that issue should be resolved before arbitration proceeds (see Primavera Labs. v Avon Prods., 297 AD2d 505, 506 [1st Dept 2002]).
We have considered and rejected defendant's arguments as to irreparable harm and the balance of the equities. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 14, 2025